## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE  DIVISION

| | | |
|---|---|---|
| **JARVIS MAURICE WILLIAMS,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:21CV00050 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **WARDEN STREEVAL,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Respondent. | ) | |

*Jarvis Maurice Williams, Pro Se Petitioner; Jean B. Hudson, Assistant United States Attorney, Roanoke, Virginia, for the Respondent.*

Petitioner, Jarvis Maurice Williams, a federal inmate proceeding pro se, filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.[1]  Williams seeks relief from his current federal sentence under the Supreme Court's decision in *Dean v. United States*, 137 S. Ct. 1170, 1175–78 (2017).  After review of the record and the parties' submissions, I conclude that the government's Motion to Dismiss must be granted and the Petition must be dismissed for lack of jurisdiction.

### I.    BACKGROUND.

On May 27, 2015, a grand jury in the United States District Court for the Southern District of Alabama returned an Indictment charging Williams with

---

[1]  Williams is confined at the United States Penitentiary Lee, located in this judicial district.

carjacking, in violation of 18 U.S.C. § 2119 (Count One) and discharging a firearm during and in relation to the carjacking, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Two). Shortly thereafter, on June 26, 2015, the Supreme Court issued its decision in *Johnson v. United States*, 576 U.S. 591 (2015), holding that imposing an increased sentence under the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), violates the Constitution's guarantee of due process.

Williams, through counsel, moved to dismiss Count Two of the Indictment. He argued that carjacking categorically failed to qualify as a crime of violence within the meaning of 18 U.S.C. § 924(c)(3)(A) and that the residual clause in § 924(c)(3)(B) was unconstitutionally vague under *Johnson*. The government responded by arguing that carjacking remained a crime of violence under the residual clause in § 924(c)(3)(B), and that *Johnson* did not extend to 18 U.S.C. § 16(b) or § 924(c)(3)(B). The Court denied Williams's motion, stating:

> Having carefully considered the positions of the parties, the Court finds persuasive the Defendant's argument that 18 U.S.C. § 2119 does not qualify as a "crime of violence" under the "force" clause of 18 U.S.C. § 924(c) (§924(c)(3)(A)). However, the Court further finds that the residual clause of that statute, § 924(c)(3)(B), is not beset with the interpretive difficulties attendant to the Armed Career Criminal Act's residual clause in light of its list of enumerated crimes, as found by the Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and is not constitutionally infirm due to vagueness. The Court adopts the reasoning set forth by the United States in its responsive brief. The carjacking offense prohibited by § 2119 qualifies as a crime of violence under § 924(c)(3)(B), and the motion to dismiss Count Two is DENIED.

*United States v. Williams*, No. 1:15-cr-00112, Order, ECF No. 97 (S.D. Ala. Aug. 28, 2015).

In October 2015, the grand jury returned a Superseding Indictment alleging the same two counts against Williams.  Ultimately, jurors found Williams guilty on both counts.  The district court imposed a sentence of 207 months, consisting of 87 months on Count One and 120 months on Count Two, to run consecutively to the sentence on Count One.

On appeal, Williams unsuccessfully pursued a claim that the district court erred in denying his motion seeking suppression of testimony regarding an out-of-court identification.  *United States v. Williams*, 688 F. App'x 895 (11th Cir. Apr. 18, 2017) (unpublished).  On May 1, 2018, Williams filed a motion seeking relief under 28 U.S.C. § 2255, raising various claims of ineffective assistance of counsel.  The Court denied relief.  *Williams v. United States*, Nos. 18-0208-CG-MU, 15-0112-CG-MU, 2018 WL 4939287, at *1 (S.D. Ala. Aug. 15, 2018), *R. & R. adopted*, 2018 WL 4934090 (S.D. Ala. Oct. 10, 2018).   Two years later, Williams attempted, unsuccessfully, to pursue a belated appeal from the denial of his § 2255 motion.

In the current § 2241 Petition, Williams seeks habeas relief under *Dean*, 137 S. Ct. 1170.  In the *Dean* case, the Supreme Court held that 18 U.S.C. § 924(c) does not prohibit a court from considering a minimum mandatory consecutive sentence imposed under that provision for a firearm offense when calculating a just sentence

for the predicate crime of violence.  *Id.* at 1178.  The Supreme Court reversed Eleventh Circuit precedent to the contrary and remanded Dean's case for further proceedings.  *Id.*

Williams asserts that he is "actually statutorily innocent of his § 924(c) conviction after *Dean* because the charge was procedurally improper."  Pet. 2, ECF No. 1.  Specifically, Williams argues that "the Supreme Court 2017 decision in *Dean* and based on the judge fact findings by a preponderance of the evidence violating the Fifth and Sixth Amendments renders noncriminal the conduct on which his § 924(c) conviction was based."  *Id.* at 3.  Briefly stated, in reliance on *Dean,* Williams seeks relief from both the conviction and the sentence on his § 924(c) offense.

The government has filed a Motion to Dismiss, contending that Williams has not met the jurisdictional requirements for reconsideration of his conviction or sentence in a § 2241 case.  The court notified Williams of the motion and warned him that failure to respond to the government's arguments and evidence might result in dismissal of the petition.  Williams responded by merely asking for me to decide the case.

II.   DISCUSSION.

Generally, federal prisoners "are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C.A. § 2255." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997).  However, the "savings clause" of § 2255 allows a federal prisoner to seek relief under 28 U.S.C. § 2241 if he can show that § 2255 is "inadequate or ineffective to test the legality of his detention." *In re Jones*, 226 F.3d 328, 329, 333 (4th Cir. 2000) (quoting 28 U.S.C. § 2255).  The requirements of the savings clause are jurisdictional. *United States v. Wheeler*, 886 F.3d 415, 425–26 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 1318 (2019).  Thus, unless the petitioner meets these requirements, a district court may not entertain his § 2241 petition that challenges the validity of a federal conviction or sentence. *Id.*

The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of a *conviction* when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333–34.

Williams contends that he is actually innocent of the § 924(c) offense for which he stands convicted.  As discussed, the Court in *Dean* resolved only particular sentencing considerations related to the § 924(c) count in that case.  Yet, relying on *Dean,* Williams asks me to "similarly vacate and reverse his *conviction and sentence* because at the time of sentencing, the sentencing court did not have such a clear statement of the law from the Supreme Court as to whether it could downward vary on the non-§ 924(c) counts in order to reach a just aggregate sentence when taken [sic] into account the § 3553(a) factors."  Pet. 7 (emphasis added).

Williams presents, however, no authority suggesting that the offense conduct charged in Count Two — discharging a firearm during and in relation to the carjacking, a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii), is no longer criminal.  The *Dean* decision did not alter the definition of a crime of violence for purposes of a § 924(c) offense.  Moreover, both the Eleventh Circuit and the Fourth Circuit have held that, without consideration of the residual clause in § 924(c), carjacking qualifies as a crime of violence for purposes of a § 924(c) offense.  *See United States v. Evans*, 848 F.3d 242, 247–48 (4th Cir. 2017) (holding that "carjacking resulting in bodily injury in violation of Section 2119(2), is categorically a crime of violence under the force clause of Section 924(c)(3)"); *United States v. Paul*, No. 18-15209-JJ, 2019 WL 11892154, at *2 (11th Cir. Apr. 16, 2019) (unpublished) (affirming § 924(c) convictions based on prior published

Eleventh Circuit holdings that "both carjacking and attempted carjacking independently qualify as crimes of violence under the elements clause"), *cert. denied*, 140 S. Ct. 178 (2019).

A showing on all factors is required to provide me with jurisdiction under the savings clause of § 2255(e) to allow Williams to challenge the validity of his § 924(c) conviction in a § 2241 petition. Because Williams has not demonstrated that his 924(c) offense conduct is no longer statutorily criminal, he has not met the second of the three factors required in *Jones*.[2]  Therefore, I have no jurisdiction to address his § 2241 claim that his conviction is invalid.

In *Wheeler*, the Fourth Circuit outlined conditions in which the savings clause of § 2255(e) may be used to challenge an allegedly unlawful *sentence*.  886 F.3d at 428–29. Specifically, the Court held that § 2255 is inadequate and ineffective to test the legality of a sentence when all four of the following requirements are met:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

---

[2]  The government agrees that Williams is not entitled to § 2241 relief under *In re Jones*, but also argues that the court of appeals wrongly decided that case.  Mot. Dismiss 10–14, ECF No. 13.  These arguments are properly presented to the court of appeals or the Supreme Court and do not affect my decision on Williams's § 2241 action here.

*Id.* at 429.

Williams's § 2241 petition, liberally construed, alleges that the sentencing court failed to consider reducing the sentence on the carjacking count to provide appropriate total punishment when combined with the mandatory consecutive sentence for the § 924(c) count.  Williams cannot meet his burden under all of the *Wheeler* factors.

*Dean* was not decided *after* Williams completed his direct appeal and his first § 2255 as required under the second *Wheeler* factor.  On April 18, 2017, the Eleventh Circuit affirmed Williams's convictions.  The Supreme Court's decision in *Dean*, 137 S. Ct. 1170, was issued on April 3, 2017, during the pendency of Williams's direct appeal.  Furthermore, Williams filed his first § 2255 on May 1, 2018, more than a year *after* the *Dean* decision.

In addition, the *Dean* ruling has not been deemed retroactively applicable to cases in collateral review.  *See Habeck v. United States*, 741 F. App'x 953, 954 (4th Cir. 2018) (unpublished) (affirming dismissal of § 2241 petition alleging *Dean* claim because "*Dean* has not been held to apply retroactively to cases on collateral review") (citing *In re Dockery*, 869 F.3d 356, 356 (5th Cir. 2017) (holding *Dean* has not been recognized as applying retroactively to cases on collateral review).  Accordingly, Williams cannot establish *Wheeler*'s second prong so as to provide jurisdiction to raise his *Dean* claim in a § 2241 petition.

III.    CONCLUSION.

For the stated reasons, Williams has not demonstrated under the requirements of *In re Jones* or *Wheeler* that § 2255 is inadequate and ineffective to test the legality of his conviction or his sentence.  Consequently, this court has no jurisdiction to address the merits of his claims under § 2241.  I will grant the United States' Motion to Dismiss and dismiss Williams's claims without prejudice for lack of jurisdiction.

A separate Final Order will be entered herewith.

DATED:  December 20, 2021

/s/  JAMES P. JONES
Senior United States District Judge